UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TODD RYDEN, on behalf of himself and all others similarly situated,<br>        Plaintiff,<br><br>  vs.<br><br>TOMBERLIN AUTOMOTIVE GROUP and KENDA RUBBER INDUSTRIAL CO., LTD.,<br>        Defendants. | 1:11-cv-1215-RLY-DML |

**ENTRY ON DEFENDANT KENDA RUBBER INDUSTRIAL CO., LTD.'S MOTION TO DISMISS**

In December 2009, the plaintiff, Todd Ryden ("Plaintiff"), purchased an electronic vehicle ("Vehicle") from a dealer in Bloomington, Indiana. (Amended Complaint ¶ 10). Plaintiff alleges that the Vehicle suffers from "defects" in the Vehicle's "tires, wheels, and/or related systems," which causes the Vehicle to "wobble" and/or "vibrate." (*Id*. ¶¶ 25, 28). Despite attempts at repairs under the Vehicle's warranty, the defects remain. (*Id*. ¶¶ 28, 38). According to Plaintiff, the dealer "confirmed that the wobbling problem is a manufacturing problem that needs to be – but has not been – remedied by Tomberlin." (*Id*. ¶ 38).

Plaintiff now brings this Amended Class Action Complaint on behalf of himself

and all others similarly situated[1] against Tomberlin Automotive Group ("Tomberlin"), the manufacturer of the Vehicle, and Kenda Rubber Industrial Co., Ltd. ("Kenda"), the supplier of the Vehicle's tires, alleging that Tomberlin and Kenda breached the express warranty (Count I), breached the implied warranties of merchantability and fitness for a particular purpose (Count II), violated the Magnuson-Moss Warranty Act[2] ("MMWA") (Count III), and violated the Indiana Deceptive Consumer Sales Practices Act ("DCSPA") (Count IV). Kenda now moves to dismiss all claims except Plaintiff's claim for breach of the implied warranty of merchantability. For the reasons set forth below, the court **GRANTS** Kenda's motion.

I.  **Dismissal Standard**

Rule 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the

---

[1] As the class has not been certified, the court refers to the claims asserted in the Amended Complaint as solely those asserted by Todd Ryden as "Plaintiff."

[2] Plaintiff's Amended Complaint consists of two Count IVs – the MMWA and DCSPA claims. It appears that with respect to Plaintiff's MMWA claim, he meant to list it as "Count III."

2

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In accordance with this standard, the court accepts the facts set forth above as Plaintiff alleges them.

**II.     Discussion**

    **A.     Breach of Express Warranty and Breach of the Implied Warranty for Fitness for a Particular Purpose**

"Generally, privity only extends to the contract of sale." *Atkinson v. P&G-Clairol, Inc.*, 813 F.Supp.2d 1021, 1026 (N.D. Ind. 2011). Thus, in the stream of commerce running from manufacturer through to the consumer, privity exists only between those in the "immediate links in a distribution chain." *Hyundai Motor Am., Inc. v. Goodin*, 822 N.E.2d 947, 952 (Ind. 2005). This is known as "vertical privity." *Id*. A buyer in the same chain who did not buy directly from the seller is said to be "remote" from the seller, and thus lacks vertical privity with the seller. *Id*.

Kenda argues that Indiana law requires vertical privity for breach of an express warranty. To support this proposition, Kenda cites to district court decisions from the Northern District of Indiana applying Indiana law. *See Atkinson v. P&G-Clairol, Inc.*, 813 F.Supp.2d 1021, 1026 (N.D. Ind. 2011) ("[V]ertical privity is required for claims of breach of express warranty . . . ."); *Hathaway v. Cintas Corp. Servs.*, 2010 WL 4974117, at *3 n.1 (N.D. Ind. Dec. 1, 2010) (same). Plaintiff counters with a case from the Indiana Court of Appeals stating that vertical privity is *not* required. *See Prairie Production, Inc. v. Agchem Division-Pennwalt Corp.*, 514 N.E.2d 1299, 1303-04 (Ind. Ct. App. 1987).

Given this split of authority, a brief discussion of *Prairie Production* is required.

In *Prairie Production*, the Indiana Court of Appeals relied on the New York case of *Randy Knitwear, Inc. v. Am. Cyanamide Co.*, 181 N.E.2d 399 (N.Y. 1962), and held that where a manufacturer had made representations to a buyer in the chain the distribution through advertisements and product labels, and the buyer in fact relied upon those representations, the buyer could maintain a claim for breach of an express warranty. 514 N.E.2d at 1303-04; *see also id.* at 1304 ("[T]he seller's representation rises to the level of an express warranty only if it becomes part of the basis of the bargain."). The cases that have followed *Randy Knitwear* only allow express warranty claims where the conditions of representation and reliance are met. They do not treat the case as a general repudiation of privity, but as an exception to it. *See, e.g., Carcone v. Gordon Heating & Air Conditioning, Inc.*, 212 A.D.2d 1017, 1018 (N.Y.A.D. 1995) (describing *Randy Knitwear* as an exception to privity); *Westchester County v. General Motors Corp.*, 555 F.Supp. 290 (D.C.N.Y. 1983) (same). *See also* White & Summers, Uniform Commercial Code § 11-7 (6th ed.) (citing *Randy Knitwear* and stating that "[t]he plaintiff must be a party whom the defendant could expect to act upon the representation and must rely on it").

In the Amended Complaint, Plaintiff alleges that:

> Kenda advertises its purported superior product and performance, with marketing messages such as: "[Y]ou can count on Kenda quality. Our tires are engineered for performance and value across a wide range of interests and applications." And "Count on Kenda, wherever the road may take you . . . ."

(Amended Complaint ¶23). Significantly, Plaintiff does *not* allege that he *relied* on these advertisements in making his decision to buy a Vehicle, nor does he allege that he ever *saw* this advertisement or was aware of it. Without such allegations, Plaintiff's breach of express warranty claim does not fall within the exception to the privity requirement articulated in *Randy Knitwear* and *Prairie Production*.

> To be fair, Plaintiff also alleges:
>
> Through written manufacturers' warranties, defendants expressly warranted to plaintiff and class members that they would repair, replace, or adjust items defective in material, workmanship, or factory preparation on the Vehicles.
>
> Defendants breached those express warranties because they were unable or unwilling to successfully repair or otherwise remedy the common defects in the Vehicles and their tires, wheels, and/or related systems.

(*Id*. ¶¶ 49-50). With respect to this claim, Plaintiff pleads himself out of court by admitting that the Vehicles wobble and/or vibrate not due to a defect in Kenda tires, but due to a design and manufacturing defect. (*Id*. ¶ 25 ("As designed and manufactured, the Vehicles are inherently [] defective . . . ."); *see also id*. ¶ 38 ("The dealer [] confirmed that the wobbling problem is a *manufacturing* problem that needs to be – but has not been – remedied by Tomberlin.")). As alleged, Kenda, the tire supplier, did not take part in the manufacturing of the Vehicle. Accordingly, to the extent *Prairie Production* applies, Kenda could not have breached its warranty to Plaintiff.

For the reasons set forth above, Kenda's motion to dismiss Plaintiff's claim for breach of express warranty is **GRANTED**.

5

### B. Breach of the Implied Warranty of Fitness for a Particular Purpose

Indiana law requires "vertical privity" between a consumer and a manufacturer for breach of the implied warranty of fitness for a particular purpose. *B&B Paint Corp. v. Shrock Mfg., Inc.*, 568 N.E.2d 1017, 1019 (Ind. Ct. App. 1991). The parties agree that there is no vertical privity between Plaintiff and Kenda, as Plaintiff purchased the Vehicle from a dealer. Accordingly, Kenda's motion to dismiss Plaintiff's claim for breach of the implied warranty of fitness for a particular purpose is **GRANTED**.

### C. Magnuson-Moss Warranty Act

Ryden also alleges breach of warranty under the MMWA. The MMWA permits a consumer to bring a breach of warranty action against a "supplier, warrantor, or service contractor" when the amount in controversy meets a specific threshold. 15 U.S.C. § 2310(d)(1). To be a "consumer" under the MMWA, Plaintiff must show that he is entitled under state law to enforce the warranties at issue. *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003) (citing 15 U.S.C. § 2301(3) (including as consumers those entitled to enforce a warranty "under applicable State law")). Because Plaintiff's state law claims for breach of express warranty and warranty of fitness for a particular purpose do not survive the present motion to dismiss, Plaintiff has no claim under the MMWA for the breach of those warranties. Accordingly, Kenda's motion to dismiss Plaintiff's claim under the MMWA for breach of express warranty and warranty of fitness for a particular purpose is **GRANTED**. Plaintiff's MMWA claim for breach of

the implied warranty of merchantability remains.

### D. Deceptive Consumer Sales Practices Act

Finally, Plaintiff alleges a claim of fraud under Indiana's DCSPA. The parties agree that Plaintiff's DCSPA claim must comply with Federal Rule of Civil Procedure 9(b)'s particularity requirement. *McKinney v. State*, 693 N.E.2d 65, 71 (Ind. 1998). As a general proposition, this requires Plaintiff "to describe the 'who, what, when, where, and how' of the fraud." *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011) (internal citation omitted). The Seventh Circuit does not adhere to an overly rigid view of the particularity requirement, noting that the extent of the requisite information "may vary on the facts of a given case." *Id.* (citing *Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1324 (7th Cir. 1998)).

Plaintiff alleges that "[a]s designed and manufactured, the Vehicles are inherently [] defective because the tires, wheels, and/or related systems cause the Vehicles to wobble, vibrate, and otherwise handle in an unsafe and unenjoyable manner." (Amended Complaint ¶ 25). Plaintiff further alleges that "defendants," which would include Kenda, "had actual knowledge of the defects" but "failed to advise" Plaintiff and the class members of these defects. (*Id.* ¶¶ 32, 34). Plaintiff's allegations appear to be based solely on information and belief, which is permissible so long as: "(1) the facts constituting the fraud are not accessible to [him] and (2) [he] provides 'the grounds for his suspicions.'" *Pirelli Armstrong*, 631 F.3d at 443 (quoting *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992)); *see also Duane v. Altenburg*, 297 F.2d 515, 518

(7th Cir. 1962) (noting that "allegations of fraud based upon 'information and belief' must be accompanied by a statement of the facts upon which the belief is founded").

Plaintiff's allegations of fraud are insufficient against Kenda for several reasons. First, Plaintiff alleges that the Vehicle wobbles because of a design and manufacturing defect. (Amended Complaint ¶ 25; *see also id.* ¶ 38 (alleging that the dealer told Plaintiff that "the wobbling problem is a manufacturing problem"). Notably absent from the Amended Complaint is any allegation tying the defect in the design and manufacture of the Vehicle to a defect in Kenda's tires. Second, while Plaintiff broadly alleges that Kenda knew that his Vehicle was defective, he pleads no facts to support that allegation. In sum, Plaintiff's allegations fail to provide the grounds for his suspicions, and thus, fail the plausibility standard of *Twombly* and *Iqbal*. Accordingly, Kenda's motion to dismiss Plaintiff's claim of fraud under the DCSPA is **GRANTED**.

### III. Conclusion

Plaintiff fails to state a plausible claim for relief against Kenda for breach of express warranty (Count I), breach of the implied warranty of fitness for a particular purpose (Count II), violation of the MMWA (Count III) with respect to a breach of an express warranty and the implied warranty of fitness for a particular purpose, and violation of Indiana's DCSPA (Count IV). Accordingly, Kenda's motion to dismiss those claims is **GRANTED** without prejudice. Plaintiff's claim against Kenda for breach of the implied warranty of merchantability (part of Count II), and Plaintiff's MMWA claim

based upon that breach (part of Count III), remain.


**SO ORDERED** this 27th day of September 2012.

                                                        RICHARD L. YOUNG, CHIEF JUDGE
                                                        United States District Court
                                                        Southern District of Indiana


Distributed Electronically to Registered Counsel of Record